UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LANCE IAN OSBAND,

    Petitioner,

  v.

STEVEN W. ORNOSKI, acting Warden of San Quentin State Prison,

    Respondent.

NO. CIV. S-97-0152 WBS KJM
<u>CAPITAL CASE</u>

<u>ORDER RE: MOTIONS FOR RECONSIDERATION</u>

----oo0oo----

    In pursuit of a federal habeas petition, petitioner Lance Osband sought an evidentiary hearing, which was granted in part and denied in part by Magistrate Judge Mueller. Petitioner now moves for reconsideration of the magistrate judges's denial of an evidentiary hearing on Claims VI and VIII. Respondent moves for reconsideration of the magistrate judge's grant of an evidentiary hearing on Claim I.

I. <u>Factual and Procedural Background</u>

    Because the specifics of petitioner's crimes are discussed in detail in the magistrate judge's order of May 11, 2005, the court will only restate the facts relevant to the instant motion for reconsideration. On December 11, 1987, a jury

1

found petitioner guilty of multiple burglaries, the rape and murder of a 66 year-old woman, and the assault and attempted murder of a 51 year-old second grade teacher. (May 11, 2005 Order at 2, 4, 11-12.) During the penalty phase, the jury returned a verdict of death. (Id. at 12.) Petitioner's subsequent appeal to the California Supreme Court and his petition for certiorari were both denied. People v. Osband, 13 Cal. 4th 622 (1996); Osband v. California, 519 U.S. 1061 (1997).

Petitioner initiated the present action in federal court on January 30, 1997. (May 11, 2005 Order at 12.) These proceedings were, however, stayed pending the resolution of petitioner's state petition for writ of habeas corpus, which was filed on July 22, 1997 in the California Supreme Court. (Id.) The court denied that petition on October 28, 1998, clearing the way for petitioner to file a federal habeas claim, which he did on March 12, 1999. (Id.)

Petitioner moved for an evidentiary hearing on October 1, 2003 and after several extensions, the magistrate judge heard the motion on February 11, 2005. The resulting order, issued on May 11, 2005, granted petitioner's motion as to Claims I, V, IX, and XX, with some limitations not relevant to the instant motion. (May 11, 2005 Order at 32.) The magistrate judge denied an evidentiary hearing on Claims II-IV, VI-VIII, X-IXX, and XXI-XXVIII. (Id.)

Again after several extensions, respondent filed with this court a motion for reconsideration of the magistrate judge's holding regarding Claim I. (Resp't Req. for Recons. by the Dist. Ct.) Meanwhile, petitioner filed a motion for reconsideration of

2

the order with respect to Claims VI and VIII and requested that Magistrate Judge Mueller hear the motion. (Pet'r Mot. for Recons. (filed under seal).) On September 9, 2005, respondent moved to vacate reference of petitioner's motion for reconsideration to the magistrate judge. This court granted that motion and set both parties' reconsideration motions for hearing before the undersigned.

II. <u>Discussion</u>

    A. <u>Legal Standard</u>

        28 U.S.C. § 636(b)(1)(A) allows a district judge to "reconsider any [non-dispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." <u>See also</u> <u>Gordon v. Vasquez</u>, 859 F. Supp. 413, 415 (E.D. Cal. 1994). In addition, Local Rule 78-230(k) requires a party to present "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." In general, however, the relevant legal standard directs that a motion for reconsideration be denied, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, . . . clear error [was committed], or . . . there [has been] an intervening change in the controlling law." <u>389 Orange St. Partners v. Arnold</u>, 179 F.3d 656, 665 (9th Cir. 1999). Here, respondent's motion to reconsider the grant of an evidentiary hearing on Claim I is founded on a allegation of clear error. Petitioner bases his motion to reconsider the Claim VI denial of an evidentiary hearing on an alleged intervening change in the controlling law

3

1 and arguments that the magistrate judge misconstrued the record.
2 His motion on Claim VIII is based on claims that the magistrate
3 judge misapplied and incorrectly analyzed existing law.[1]

    B.   <u>Claim I</u>

In Claim I, petitioner alleges "that his counsel failed to investigate and present evidence that two other individuals were responsible for the murder." (May 11, 2005 Order at 14-15.) In support of this claim, along with other evidence presented to the state court with his state habeas petition, petitioner submitted defense counsel's reports and transcripts of interviews with Joe Blackwell, Eric Gibson, and W.J. Thomas. Respondent protests the magistrate judge's decision to grant an evidentiary hearing that will consider this and other evidence because, given the procedural history of this case, this approach is allegedly barred by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(e).

The AEDPA narrowly circumscribes the trial court's ability to grant an evidentiary hearing, barring such proceedings "[i]f the applicant has failed to develop the factual basis of a claim in State court . . . ." 28 U.S.C. § 2254(e)(2); <u>see also</u> <u>Baja v. Ducharme</u>, 187 F.3d 1075, 1077 (9th Cir. 1999) ("28 U.S.C. § 2254(e) now substantially restricts district court's

---

[1] Petitioner attempts to incorporate by reference his replacement briefing on the underlying motion for evidentiary hearing, which was filed on May 18, 2005. (Pet'r Mot. for Recons. at 1 (filed under seal).) However, "[a] motion for reconsideration is not a vehicle to reargue the motion . . . ." <u>United States v. Westlands Water Dist.</u>, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). The court will therefore only consider the arguments set forth in petitioner's motion for reconsideration.

4

discretion to grant an evidentiary hearing."). Still, petitioner may receive an evidentiary hearing if he "was not at fault in failing to develop [the] evidence in state court, or (if he was at fault) if the conditions prescribed by § 2254(e)(2) [are] met." Holland v. Jackson, 124 S. Ct. 2736, 2738 (2004). In short, petitioner must diligently pursue his state court habeas petition, meaning he must "at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law." Williams v. Taylor, 529 U.S. 420, 437 (2000).

California law, as identified by respondent and the magistrate judge, directs that a habeas petition "should both (i) state fully and with particularity the facts on which relief is sought, as well as (ii) include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." (May 11, 2005 Order at 17 (citing People v. Duvall, 9 Cal. 4th 464, 474 (1995); Resp't Req. for Recons. by the Dist. Ct. at 5 (same).) The documentary evidence requirement prevents further consideration of petitions based solely on "[c]onclusory allegations made without any explanation of the basis for the allegations." Duvall, 9 Cal. 4th at 474 (quoting People v. Karis, 46 Cal. 3d 612, 656 (1988)).

The magistrate judge interpreted "documentary evidence" to include only "sworn testimony", similar to the examples of documentary evidence identified in Duvall. (May 11, 2005 Order at 17 (noting that "trial transcripts and affidavits or declarations" are all sworn testimony).) She then concluded that "[b]ecause these transcripts are not the sort of sworn testimony

5

the California Supreme Court described in <u>Duvall</u>, it does not appear that at the time of trial state law required they be presented." (<u>Id.</u>)  Respondent argues that this interpretation was clearly erroneous and resulted in a grant of an evidentiary hearing despite petitioner's failure to adhere to the procedures mandated by California law.  (Resp't Req. for Recons. by the Dist. Ct. at 5, 7.)

The court expresses no opinion on the correctness of the magistrate judge's interpretation of "documentary evidence" and instead affirms the grant of an evidentiary hearing on Claim I for different reasons.  <u>See</u> <u>In re Leavitt</u>, 171 F.3d 1219, 1223 (9th Cir. 1999) ("[An] appellate court may affirm the lower court on any ground fairly supported by the record."); <u>Bergen v. F/V St. Patrick</u>, 686 F. Supp. 786, 787 (D. Alaska 1988) (affirming a magistrate judge's decision on other grounds).  Specifically, the court does not read California law to require that every document that a petitioner intends to introduce at an evidentiary hearing be submitted along with the state habeas petition.  The California documentary evidence requirement appears to exist to ensure that claims are well founded and not merely speculative. <u>See</u> <u>Karis</u>, 46 Cal. 3d at 656.  As long as sufficient evidence, though perhaps not every bit of evidence, is attached to the state habeas petition to support the facts alleged by petitioner, then the petitioner's burden to show that the claims are not merely conclusory has been met.

Along with his state habeas petition before the California Supreme Court, petitioner submitted a letter from a self-proclaimed "secret witness" that suggested that someone

6

other than petitioner committed the murder with which he was charged. (May 11, 2005 Order at 16-17.) He also "submitted three declarations stating that others admitted to committing the Skuse murder." (Id. at 15 (citing State Habeas Pet., Exs. 9 (Gibson Decl.) and 26 (Flynn and Breaux Decls.)).) These documents support the factual allegations made in the state habeas petition, namely petitioner's claim that someone else committed the murder and that his lawyer was aware of this theory but failed to seriously pursue it. (Id.) The court therefore finds that petitioner's submission of documentary evidence was sufficiently in compliance with the California procedural requirements.

      The court can only conclude that the California Supreme Court found petitioner's allegations to be insufficient to establish even a prima facie case. Given that petitioner presented a petition with specific factual allegations and documentary evidence in support, the supreme court's duty was to "ask[] whether, assuming the petition's factual allegations are true, the petitioner would be entitled to relief." Duvall, 9 Cal. 4th at 474-75 (citations omitted). If a prima facie case had been demonstrated, the court would have issued a writ of habeas corpus or an order to show cause, one of the procedural steps preceding a grant of an evidentiary hearing. Id. at 475; People v. Romero, 8 Cal. 4th 728, 738 (1994). Instead, however, the supreme court summarily dismissed the petition.[2] See http://

---

[2] The California Supreme Court did seek an "informal response" from petitioner's custodian, a procedure that is used "[t]o assist the court in determining the petition's sufficiency

7

appellatecases.courtinfo.ca.gov/search/dockets.cfm?dist=0&doc_id=62912 (California Supreme Court docket in case no. S063051). This court doubts that the transcripts and records included in the federal petition, largely reiterating the same facts included in the declarations before both courts, would have convinced the state court to rule otherwise.

Petitioner thus never came close to getting an evidentiary hearing in state court. See Duvall, 9 Cal. 4th at 478 (explaining that the court can only order an evidentiary hearing "after considering the return [(filed in response to an order to show cause)] and the traverse, [and after] find[ing] material facts in dispute"); Romero, 8 Cal. 4th at 738-39 (explaining that the return and the traverse are respectively akin to the complaint and the answer in a civil proceeding and are the means by which parties establish any factual disputes). Consequently, as the magistrate judge properly noted, "[b]ecause the state court denied an evidentiary hearing, petitioner did not have an opportunity to present [documents other than those submitted with the state habeas petition.]" (May 11, 2005 Order at 17); see also In re Serrano, 10 Cal. 4th 447, 465 (1995) (stating, implicitly, that the evidentiary hearing provides petitioner with an opportunity to present additional evidence in support of his claims). This is significant because "[w]here . . .

---

. . . ." Bd. of Prison Terms v. Superior Court, 130 Cal. App. 4th 1212, 1234 (2005). However, this procedure is actually another part of the prima facie determination. Id. It does not establish a factual dispute for the court to resolve--this is accomplished through the return and the traverse (discussed infra). Romero, 8 Cal. 4th at 738-39.

8

. the state courts simply fail to conduct an evidentiary hearing, the AEDPA does not preclude a federal evidentiary hearing on otherwise exhausted habeas claims." <u>Jones v. Wood</u>, 114 F.3d 1002, 1013 (9th Cir. 1997).[3] The parties have not yet debated whether petitioner exhausted his habeas claims in state court. (Resp't Req. for Recons. by the Dist. Ct. at 8 n.7.)  The court therefore holds that because petitioner filed a factually specific ineffective assistance of counsel claim supported by documentary evidence in state court and was nevertheless denied an evidentiary hearing there, he cannot be faulted for failing to develop the factual basis of his claim in state court.  The magistrate judge's grant of an evidentiary hearing on Claim I was thus permissible, and certainly not in clear error, despite the limitations proscribed by 28 U.S.C. § 2254(e).

    C.   <u>Claim VI</u>

On Claim VI, Excessive Security and Shackling, the magistrate judge denied petitioner's motion for an evidentiary hearing. (May 11, 2005 Order at 23, 32.)  Petitioner presented the declarations of Alternate Juror Broughton and Juror Sturtz in support of the underlying motion, as well as the trial transcript where the judge debated whether and how to restrain petitioner during trial. (<u>Id.</u> at 23; Pet'r Mem. of P. & A. in Supp. of Mot. for an Evidentiary Hearing Ex. O.)  Sturtz claimed to have seen

---

[3] As petitioner notes, the Ninth Circuit adopted a similar understanding in <u>Horton v. Mayle</u>, 408 F.3d 570 (9th Cir. 2005), shortly after the May 11, 2005 order issued. <u>Id.</u> at 582 n.6 ("Because [petitioner] never reached the stage of the proceedings at which an evidentiary hearing should be requested, he has not shown 'a lack of diligence at the relevant stages of the [California] state court proceedings' and therefore is not subject to AEDPA's restrictions on evidentiary hearings.").

9

petitioner in shackles (handcuffs) outside the courtroom and noted that, barring this exception, petitioner was usually seated before the jury entered the courtroom and remained seated as they filed out.  (Pet'r Mem. of P. & A. in Supp. of Mot. for an Evidentiary Hearing Ex. O ¶ 2-3.)  Broughton, who sat outside the jury box, claimed to "remember that Mr. Osband wore shackles during the trial."  The magistrate judge found that this evidence was insufficient to "show[] that petitioner was, in fact, shackled during trial . . . ."  (May 11, 2005 Order at 24.)

"A criminal defendant has a constitutional right to be free of shackles and handcuffs in the presence of the jury" and "[w]hen a defendant has been unconstitutionally shackled, the court must determine whether the defendant was prejudiced." Williams v. Woodford, 384 F.3d 567, 591 (9th Cir. 2004) (quoting Holbrook v. Flynn, 475 U.S. 560, 572 (1986)); Parrish v. Small, 315 F.3d 1131, 1133 (9th Cir. 2003) (quoting Dyas v. Poole, 309 F.3d 586, 588 (9th Cir. 2002)).  However, the Ninth Circuit has made clear that if "the jury never saw the defendant's shackles in the courtroom, . . . the shackles did not prejudice the defendant's right to a fair trial." Williams, 384 F.3d at 592 (citing Castillo v. Stainer, 997 F.2d 669, 699 (9th Cir. 1993) (unseen waist chain not prejudicial)); Parrish, 315 F.3d at 1134 ("[T]he issue of whether the shackling was prejudicial, . . . turn[s] on whether the jury saw the shackles.")  In addition, "[a] jury's brief or inadvertent glimpse of a defendant in physical restraints outside of the courtroom does not warrant habeas relief unless the petitioner makes an affirmative showing of prejudice."  Id. (citing Castillo v. Stainer, 983 F.2d 145,

148 (9th Cir. 1992), amended by 997 F.2d 669 (9th Cir. 1993) (no prejudice when members of the jury pool saw the defendant in shackles in the court corridor)).

In this case, the magistrate judge found, after a review of petitioner's supporting documentation, that petitioner's declarants did not actually state that they saw the petitioner shackled in the courtroom.  (May 11, 2005 Order at 24.)  In particular, she noted that the general statements of alternate juror Broughton "lack[ed] specificity and conflict[ed] with the trial transcript, which show[ed] petitioner was not restrained by a security chain."[4]  (Id.)  Petitioner therefore only had evidence of the juror's one-time glimpse of him in shackles outside the courtroom which, standing alone, is insufficient to warrant habeas relief.  Because that was not inherently prejudicial, petitioner needed to present some evidence of actual prejudice.  See Williams, 384 F.3d at 593 (glimpse of a shackled defendant outside the courtroom not inherently or presumptively prejudicial); see also United States v. Waldon, 206 F.3d 597, 607 (6th Cir. 2000) ("Defendants are required to show actual prejudice where the conditions under which defendants were seen were routine security measures rather than situations of unusual restraint such as shackling of

---

[4] Petitioner may not agree with the magistrate judge's reading of arguably ambiguous declarations and trial transcripts, "[h]owever, in reviewing . . . for clear error, [a court] must not reverse as long as the findings are plausible in light of the record viewed in its entirety, even if [the court] would have weighed the evidence differently had [it] been the trier of fact."  United States v. Alexander, 106 F.3d 874, 877 (9th Cir. 1997).  The magistrate's findings, while not based on the only possible interpretation of the evidence, were certainly based on a plausible interpretation.

11

defendants during trial." (internal citation omitted)). Petitioner did not produce any evidence suggesting prejudice.

Consequently, because the evidence submitted by petitioner must support a colorable claim before an evidentiary hearing is warranted, and because the declarations submitted did not actually allege what petitioner must ultimately prove to succeed on his habeas claim, petitioner was not entitled to an evidentiary hearing on this matter.[5]  See Morales v. Woodford, 388 F.3d 1159, 1179-80 (9th Cir. 2004) (holding that an evidentiary hearing was not warranted when the evidence failed to raise a colorable claim); see also Belmontes v. Brown, 414 F.3d 1094, 1124 (9th Cir. 2005) ("[T]o be entitled to a federal evidentiary hearing [a habeas petitioner] must . . . allege facts which, if proven, would entitle him to relief . . . .").

The non-committal declaration of one of Osband's trial attorneys, Richard Reese, Jr., stating that he is "not certain," but "it is [his] best recollection that . . . [petitioner was] chained to the security chair for all proceedings" does little to improve petitioner's argument. (Pet'r Mot. for Recons. Attach. 1, Ex. OO (Reese Decl. ¶ 4.)  First, like the other declarants, Reese does not affirmatively state that petitioner was visibly shackled in front of the jury.  Second, this court cannot say that the magistrate erred for failing to consider evidence that

---

[5] In addition, the state court previously held that the record showed that petitioner was not mechanically restrained. People v. Osband, 13 Cal. 4th at 673-74.  This determination is subject to a presumption of correctness, which can be overcome only by clear and convincing evidence that this finding was erroneous. Belmontes, 414 F.3d at 1124 n.9.  Petitioner's non-specific declarations do not meet this standard.

12

was not before her.  See Belmontes, 414 F.3d at 1125 (petitioner's failure to present the facts that would entitle him to relief does not warrant reconsideration).  The court reiterates that a motion for reconsideration is not an invitation to re-litigate the underlying matter by presenting additional, as opposed to "newly discovered," evidence.[6]

Petitioner also argues that the magistrate judge's ruling on Claim VI should be reconsidered in light of the Supreme Court's superceding decision in Deck v. Missouri.[7]  In Deck, the Supreme Court extended the prohibition on visible shackles at the guilt phase of a trial to the penalty proceedings in a capital

---

[6] Petitioner explains that he did not originally submit the Reese declaration to the magistrate because, until Deck v. Missouri, 125 S. Ct. 2007 (2005), he was unable to appreciate the value of his trial counsel's testimony. (See Pet'r Reply at 4.) However, as noted below, the Supreme Court did not consider Deck in order to hold that "a trial attorney's statement that his client 'was shackled in from of the jury'" is dispositive. (See Pet'r Reply at 4.)  Rather, the Supreme Court's purpose in accepting Deck's petition was to establish that the rule regarding shackling extends to the penalty phase of capital cases. Deck, 125 S. Ct. at 2014. Deck did not work an intervening change in the controlling law with respect to the evidence sufficient to establish that a habeas petitioner was indeed shackled during his trial.  Consequently, because the Reese declaration also fails to qualify as "newly discovered evidence," petitioner could have, and should have, presented it to the magistrate judge.

[7] The court interprets the Deck arguments made in petitioner's initial brief as "new law" arguments for reconsideration. (Pet'r Mot. for Recons. at 3 ("The court should reconsider its decision not to conduct an evidentiary hearing on Claim 6 in light of Deck v. Missouri").)  However, to avoid the problems of applying "new law" in habeas cases (discussed infra, n.8), petitioner argues in his reply that Deck was not new law and thus attempts to reform these arguments as being based on "clear error." (Pet'r Reply at )  This about face is confusing, but regardless of whether petitioner uses Deck to expose clear error in the magistrate judge's denial of an evidentiary hearing or to demonstrate a change in the law, his arguments are unavailing for the reasons given above.

13

case, absent a special need. 125 S. Ct. at 2014. However, this decision, even if applicable to this case,[8] has no bearing on the magistrate judge's decision to deny an evidentiary hearing on Claim VI. The magistrate judge denied petitioner's motion on this claim because petitioner's evidence did not support his contention that he was, <u>in fact</u>, shackled at trial. (May 11, 2005 Order at 24.) As respondent points out, in <u>Deck</u> "there was no dispute that the defendant was visibly shackled in front of the jury." (Resp't Opp'n to Pet'r Mot. for Recons. at 7.) The reasoning behind the magistrate judge's order is therefore not at odds with the holding of <u>Deck</u>.

D. <u>Claim VIII</u>

In Claim VIII, "[p]etitioner claim[ed] counsel was ineffective for failing to present a coherent defense and for failing to develop a mental defense, including a mental defense based on drug use or taking account of the effect of drug use on petitioner's sub par mental functioning." (May 11, 2005 Order at 25.) Based on <u>Hendricks v. Calderon</u>, 70 F.3d 1032 (9th Cir. 1995) and <u>Silva v. Woodford</u>, 279 F.3d 825 (9th Cir. 2002), the magistrate judge concluded that it is not unreasonable for an attorney to rely on the unguided determinations of a mental health expert when electing to forego a mental defense during the

---

[8] The Supreme Court has held that "a new decision generally is not applicable in cases on collateral review unless the decision was dictated by precedent existing at the time the petitioner's conviction became final." <u>Butler v. McKellar</u>, 494 U.S. 407, 409 (1990). <u>Butler</u> identified the appropriate inquiries for determining if a rule was indeed "new" and whether it applies to a given case. <u>Id.</u> at 409-17. Because the court has found <u>Deck</u> inapposite in the instant case, it need not decide whether plaintiff can secure habeas relief based on <u>Deck</u>.

14

guilt phase of a trial.  (May 11, 2005 Order at 26-27.)  She consequently denied an evidentiary hearing on Claim VIII because petitioner's allegations lacked legally cognizable grounds for finding counsel's choices unreasonable.  (Id. at 27.)  She also determined that testimony from an expert on this matter was unnecessary.  (Id.)

Petitioner argues that the magistrate judge relied on the wrong legal precedent and directs the court instead to Jennings v. Woodford, 290 F.3d 1006 (9th Cir. 2002), which allegedly "substantially overruled Hendricks."  (Pet'r Mot. for Recons. at 12.)  In Jennings, counsel's failure to do anything more than arrange for a two hour mental competency exam despite overwhelming evidence of drug use and psychiatric troubles constituted ineffective assistance of counsel at the guilt phase, based on failure to investigate.  290 F.3d at 1013-14.  Far from overruling Hendricks, the Jennings court distinguished it on its facts, noting that in Hendricks "where nearly twenty hours of mental health evaluation by defense experts revealed no basis for a mental defense, defense counsel was justified in his decision not to conduct further investigation into the matter."  Id. at 1014.  Simply put, Jennings established that while counsel's reliance on a "lengthy examination specifically geared toward finding any possible defenses" is reasonable, reliance on a cursory exam conducted for the purpose of establishing mental competency is not.[9]  Id.

---

[9] This understanding of Jennings is not at odds with the Ninth Circuit's recent decision in Daniels v. Woodford, --- F.3d. ---, 2005 WL 2861623 (9th Cir. Nov. 2, 2005).  In Daniels,

Therefore, as the magistrate judge noted, when health experts are obtained to assess the viability of mental defenses, an attorney may rely on the expert's investigation and findings. Hendricks, 70 F.3d at 1037-38; Silva, 279 F.3d at 851; see also Lambert v. Blodgett, 393 F.3d 943, 983 (9th Cir. 2004) (observing that an attorney only has a duty to present a health expert with sufficient information to investigate a mental defense during the penalty phase of capital cases). Here, the court has before it a case where three experts were obtained to evaluate petitioner and possible mental defenses. (See, e.g., Resp't Opp'n to Pet'r Mot. for an Evidentiary Hearing Ex. 4 at 1 (Psychodiagnostic Evaluation of Dr. Grant Hutchinson, filed under seal)(noting that "Examination of Mr. Osbond was requested in order to determine whether psychological factors may have played a part in the crimes of which [he] is accused").) The magistrate judge thus did not commit clear error when she applied Hendricks/Silva over Jennings. Moreover, because petitioner has not argued that Hendricks/Silva, if applicable, was misapplied by the magistrate, the court will not entertain this possibility.

Regarding the rest of petitioner's arguments to reconsider the denial of an evidentiary hearing on Claim VIII, the court fails to see a proper basis for granting petitioner's

---

counsel relied on a cursory examination conducted by an inexperienced psychologist, despite preliminary evidence of a mental disorder. Id. at *18. Counsel's failure to further investigate defendant's mental health under those circumstances was unreasonable. Id. Although Daniels cited Jennings, it did not overrule Hendricks or Silva. Moreover, it remains factually distinguishable from the instant case, where counsel relied on several experts who conducted more than a cursory analysis. Consequently, Daniels does not call into question the propriety of the magistrate judge's reliance on Hendricks and Silva.

motion.  Petitioner's brief loses sight of the proper scope of such a motion and instead simply argues anew for expert testimony and further evidentiary hearings on counsel's alleged failure to investigate mental health defenses in an effective and timely manner.  The arguments slip into detailed allegations of how trial counsel's conduct was unreasonable in light of the burdens courts have place on defense lawyers to investigate background circumstances and the standards of care generally recognized in secondary sources.  (Pet'r Mot. for Recons. at 15-30.)  Petitioner then "respectfully submits" that this evidence would be useful to the court and notes that some of the evidence it seeks to present "is commonplace in ineffective-assistance cases."  (Id. at 30, 32.)

       Outside of the Jennings/Hendricks discussion, petitioner does not argue that the magistrate judge's decision to deny an evidentiary hearing on Claim VIII was clearly erroneous or contrary to controlling law.  Petitioner argues that the denial of an opportunity to present expert testimony violates his "right to a full and fair hearing because 'the basic ingredient of due process [is] an opportunity to be allowed to substantiate a claim before it is rejected.'" (Pet'r Reply at 17 (alteration in original)(quoting Ford v. Wainright, 477 U.S. 399, 414 (1986).)  This statement demonstrates just how far askew petitioner's arguments have gone--the magistrate judge has not yet rejected any of petitioner's claims.

       The court notes that "an evidentiary hearing is not required on issues that can be resolved by reference to . . . the motion and the files and records of the case."  Totten v. Merkle,

17

137 F.3d 1172, 1176 (9th Cir. 1998) (citations omitted). Here, the magistrate judge determined that expert testimony and further development of the facts specific to Claim VIII, in light of the other evidentiary hearings already granted and record evidence, was unnecessary. (May 11, 2005 Order at 27 & n.15.) This decision was not clearly erroneous.

III. Conclusion

Respondent has failed to show that the magistrate judge's grant of an evidentiary hearing on Claim I was clearly erroneous and contrary to law. Likewise, petitioner failed to point to a controlling decision or factual data that the magistrate judge overlooked or clearly misinterpreted.

IT IS THEREFORE ORDERED that respondent's motion for reconsideration be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that petitioner's motion for reconsideration be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that this matter be, and the same hereby is, REMANDED to the magistrate judge to conduct the evidentiary hearings granted in the May 11, 2005 order and all subsequent proceedings previously assigned.

DATED: November 30, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE