IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE IAN OSBAND, | CIV S-97-0152 WBS KJM |
| Petitioner, | **CAPITAL CASE** |
| v. | |
| STEVEN W. ORNOSKI, Acting Warden of San Quentin State Prison, | **REVISED PROTECTIVE ORDER** |
| Respondent. | |

Good cause appearing, the undersigned adopts the modifications suggested in the parties' May 24, 2006 Joint Statement Regarding Proposed Modification to Protective Order. The August 8, 2000 protective order is hereby replaced with the following:

1. All documents produced to respondent pursuant to respondent's motion to discover trial counsel's file and the mental health examinations of Drs. Yarvis and Hutchinson, prepared at trial counsel's request in preparation for trial, shall be deemed to be confidential. These documents may be used only by representatives from the Office of the California Attorney General and may be used only for purposes of any proceedings incident to the petition for writ of habeas corpus pending before this Court. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any law enforcement or prosecutorial personnel or agencies without

an order from this Court. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case.

2. For purposes of preparing for and conducting the evidentiary hearing, paragraph 1 is modified as follows:

   (a) Respondent may take the deposition of Petitioner's trial counsel and/or any investigators who worked on their behalf;

   (b) alternatively, Respondent may conduct interviews with Petitioner's trial counsel and/or trial investigator(s) provided that the entire interview is tape- or video-recorded and the recording served on Petitioner at least two (2) weeks prior to the evidentiary hearing and lodged with the court under seal at the time of the evidentiary hearing;

   (c) at such a deposition or recorded interview, Respondent may show documents contained in trial counsel's file to the trial attorney or their trial investigator who is being deposed or interviewed;

   (d) Respondent may show transcripts of interviews to the individual who was the subject of the interview for the purpose of refreshing the individual's prior recorded recollection.

   (e) Except as provided in paragraph 2(c) and 2(d), Respondent shall not show any documents from trial counsel's files to any individual without prior authorization of the Court on motion pursuant to ten (10) days' notice filed and served on counsel for Petitioner. Petitioner may file and serve opposition, if any, five (5) days after service of the motion. Any reply by Respondent may be filed and served two (2) days after service of any opposition. The parties agree that the court may issue an order on the motion without the necessity of a hearing. All filings will be under seal.

   The only pre-hearing communications between trial counsel or trial investigators and Respondent regarding the trial representation of Petitioner

shall be those described in this paragraph.  As with all documents produced to Respondent, the transcripts of depositions and/or recordings of interviews, the information contained therein, or derived therefrom shall be sequestered in the manner described in paragraph 1, supra.

IT IS SO ORDERED.

DATED: June 14, 2006.

_____
UNITED STATES MAGISTRATE JUDGE