1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LANCE IAN OSBAND,

11          Petitioner,                    No. CIV S-97-0152 WBS KJM

12      vs.                                DEATH PENALTY CASE

13   ROBERT L. AYERS, JR.,
     Acting Warden of San Quentin
14   State Prison,
                 Respondent.               ORDER
15   _____/

16          Both parties make motions in limine regarding the other party's witness and

17   exhibits list.  The undersigned finds oral argument on most aspects of these motions unnecessary.

18   After reviewing the briefs of both parties, and good cause appearing, the court finds and orders as

19   follows.

20                    RESPONDENT'S MOTION IN LIMINE

21   I.  Rule 7 Expansion of the Record

22          Petitioner seeks to expand the record with eleven documents or categories of

23   documents.  Respondent objects to several documents.  Under Rule 7 of the Rules Governing

24   Section 2254 Cases, the court may expand the record with materials relating to the petition to

25   avoid some of the time and expense of an evidentiary hearing or to supplement a hearing.  Adv.

26   Comm. Notes to Rule 7, Rules Governing Section 2254 Cases.  "The materials that may be

1

required include letters predating the filing of the petition, documents, exhibits, and answers under oath to written interrogatories propounded by the judge. Affidavits may also be submitted and considered as part of the record."  Rule 7, Rules Governing Section 2254 Cases.

A.  Requests 1, 2, 4 and 5

Petitioner requests admission of the "secret witness" letter,[1] a January 9, 1987 letter from Burton Loehr to Vincent O'Brien, transcripts of interviews trial investigator Robert Wilcox conducted of Eric Gibson, and transcripts of interviews Wilcox conducted of Joe Blackwell.  Respondent seeks a limitation on the admission of these documents into the record. He asks that they be considered only to show trial counsel was aware of, or should have been aware of, certain information.  Primarily, respondent seeks to reserve any hearsay objection to these documents until it is clear how petitioner intends to use them.  The undersigned agrees that the documents may be admitted to the record but will not limit consideration of them at this time. Respondent is free to object to petitioner's use of the documents at the time they are used.

B.  Dr. Mehtani's Deposition

The parties appear to have resolved any differences about corrections to the transcript of Dr. Mehtani's October 5, 2006 deposition.  By separate order, the undersigned has granted petitioner's request to expand the record to include Dr. Mehtani's corrected deposition.

C.  Admission of Witness Declarations

Petitioner seeks admission of the declarations of six of petitioner's friends in support of claim 1, that trial counsel was ineffective for failing to investigate and present evidence of petitioner's innocence.  The court granted an evidentiary hearing on claim 1 in part to "test the reliability of [petitioner's] friends' statements" that other individuals were responsible for the murder.  May 11, 2005 Order at 18.  The undersigned agrees that all testimony of Michael

/////

---

[1] This letter is exhibit A to petitioner's motion for an evidentiary hearing.

1  Clark, Jaimie Breaux, Shawn Flynn, Aubrey Richey, Leonard James and Eric Gibson should be

2  taken in court.  Accordingly, admission of their declarations under Rule 7 is not necessary.

3  II.  Objections to Petitioner's Witnesses

4         A.  Direct Testimony by Declaration

5              As stated in the previous section, all testimony of Michael Clark, Jaimie Breaux,

6  Shawn Flynn, Aubrey Richey, Leonard James and Eric Gibson will be taken during the

7  evidentiary hearing.  Respondent also asks the court to instruct counsel for petitioner about the

8  propriety of their questions.  The court will not do so.  Respondent is free to object to any

9  questions during the evidentiary hearing.

10             With respect to the testimony of Leonard James, respondent argues it is not

11  relevant to the issues raised by claim 1.  Petitioner asserts Mr. James would testify regarding his

12  knowledge of petitioner's relationship with Richard Williams and his knowledge of when

13  Williams left Sacramento.  He also claims James' testimony is "relevant to the credibility of

14  witnesses who describe Mr. Williams's and W.J. Thomas's inculpatory statements."  Mr. James

15  was also a friend of petitioner's.  The claim 1 issues for the evidentiary hearing involve the

16  reasonableness of counsel's conduct in investigating other suspects and whether prejudice

17  resulted from counsel's conduct.  Mr. James' testimony may be relevant to that inquiry and the

18  undersigned will not bar him from testifying.  The court will consider any objections to Mr.

19  James' testimony at the time it is given.

20         B.  Failure to Summarize Witnesses' Testimony

21             Respondent next complains that petitioner may present testimony from Jaimie

22  Breaux and Shawn Flynn that is not covered by their declarations.  In his opposition, petitioner

23  states that he mistakenly omitted one subject from the declarations of Breaux and Flynn.  He

24  states that he intends to elicit from these witnesses testimony that the sunglasses pictured in the

25  exhibits listed in petitioner's November 22, 2006 Addendum to Exhibit List are consistent with

26  those the witnesses remember seeing on Richard Williams.  On the basis of petitioner's

1  representation that the declarations, with this one additional subject, summarize the testimony of

2  Breaux and Flynn, respondent withdrew his objection.

3        C.  <u>Limitation of Burton Loehr's Testimony</u>

4            Respondent seeks clarification that Mr. Loehr will not testify regarding

5  petitioner's competency to stand trial.  Petitioner agrees that Loehr's testimony must relate to the

6  issues of the reasonableness of counsel's conduct raised in claims 1, 9 and 20.  However,

7  petitioner notes that Loehr's ability to communicate with petitioner may be relevant to these

8  claims.  Respondent counters that the issues in claims 1, 9, and 20 relate to the performance of

9  the lawyers who succeeded Mr. Loehr.  That is not the case.  While Mr. Loehr was replaced prior

10  to the start of trial, he was undoubtedly involved in the preparation of the guilt phase case

11  relevant to claims 1 and 9 and may have been involved in preparation of the penalty phase case,

12  relevant to claim 20.  At this point, the undersigned is not willing to limit Mr. Loehr's testimony

13  as respondent wishes.

14  III.  <u>Objections to Witnesses Petitioner May Call</u>

15        A.  <u>Testimony Outside Scope of this Evidentiary Hearing</u>

16            Respondent argues that petitioner has not sufficiently summarized the testimony

17  of Phillip White and Wendy Saxon.  In his witness list, petitioner simply states that Dr. White "is

18  expected to testify regarding the nature of his work on this case, the illness and death of Loren

19  W. Look" and Dr. Saxon "will authenticate documents in her file and testify regarding her work

20  in this case at trial."  In his opposition petitioner states that respondent is aware of the

21  White/Look report and that Dr. Saxon's work on the case was "not extensive and included help,

22  or offers of help with jury selection, and strategy."  Petitioner also states respondent would be

23  aware of White and Saxon's work if respondent had not declined production of some documents

24  offered to him in discovery.

25            The undersigned is aware of no requirement that a party should be ruled out of

26  luck at the pre-trial stage if it had the opportunity to, but did not, obtain through discovery

documents the other side later intends to use at trial or documents that would have informed a party of the possible testimony of witnesses its opponent later decides to offer.  If either party lacks documents the other intends to offer as evidence, copies of those documents shall be provided to the opponent immediately.

For now, however, the parties' briefs do not clarify either the subject of Drs. White and Saxon's testimony or just why it is relevant or not to the subjects at issue in this evidentiary hearing.  The parties will be required to file further clarification.  The undersigned will hear argument on the issue at the January 16, 2007 conference.

    B.  Objections Relating to Potential Testimony of Williams and Thomas

        1.  Failure to Summarize Testimony of Williams, Thomas and Wright

Respondent first argues that petitioner has insufficiently summarized the testimony of Richard Williams, W.J. Thomas and Leon Wright.[2]  Respondent feels petitioner's characterization of these persons' testimony as regarding their "whereabouts on or about the night of October 5, 1985" and regarding their "prior statements" is too vague.  Respondent states he is unaware of any prior statements made by Williams, and no inculpatory statements made directly by Williams or Thomas.  In addition, respondent objects to petitioner's characterization in his opposition of Wright's testimony as potentially involving prior statements made to him by Thomas and Williams.  Respondent states he is unaware of any statements made by Thomas and Williams to Wright.  The court agrees that petitioner's characterization of the testimony of these three witnesses is insufficient to allow respondent to prepare.  The court will order clarification.

/////

/////

_____

[2]  Respondent also lists Henry Hawkins here.  However, in his opposition, petitioner states Mr. Hawkins would only testify for impeachment purposes so there is no need for a summary of his testimony.  While the court's June 14, 2006 scheduling order did not exclude impeachment witnesses from the requirement that the parties summarize testimony, the undersigned finds a summary of the possible testimony of witnesses used solely for impeachment to be unnecessary.  Cf. Fed. R. Civ. P. 26(a)(3).

2. <u>Objection to Deposition Testimony of Williams</u>

Respondent next objects to any attempt to depose Richard Williams. Respondent asked first for assurances that Williams will not simply refuse to testify before counsel travel to Tennessee to take Williams' testimony. Because Williams' testimony is currently only "potential" the court need not determine whether the time and expense of deposing Mr. Williams is justified. After the evidentiary hearing the court will set a schedule for taking any remaining testimony. Issues involving the logistics or propriety of taking that testimony may be addressed at that time.

3. <u>Failure to Summarize Testimony of Mitchell and Winn</u>

Petitioner states Ms. Mitchell would testify that she was married to Richard Williams, "is familiar with his character as a dishonest person," and "observed Petitioner follow Williams's lead." Ms. Winn would testify "regarding her prior relationship with William J. Thomas, and his character for truthfulness." Respondent objects that these summaries are insufficient because they do not establish whether the testimony will be based on "rational perceptions of the witnesses or are just mere conclusory observations" and whether the testimony is excludable under Federal Rule of Evidence 403. The summaries of testimony need not establish all grounds for objection. Respondent is free to object to the testimony of Mitchell and Winn if and when the need arises.

IV. <u>Objections to Petitioner's Exhibits</u>

Respondent primarily objects to the lack of sufficient descriptions of a number of the exhibits petitioner intends to offer. Petitioner contends the descriptions would be sufficient if respondent had taken advantage of all the discovery granted him. Both parties are entitled to be advised of the other side's exhibits and witnesses prior to the hearing. The undersigned will

/////

/////

/////

order the exchange of all exhibits prior to the evidentiary hearing,[3] and will hear objections to specific exhibits the morning of the first day of the hearing.

V.  Other Objections

The undersigned agrees that it is premature to rule on objections to exhibits before petitioner has introduced them.  They will be considered at trial.  The court will also consider at trial respondent's relevancy objections to items III.A.11, III.A.46, and III.B.6.

With respect to demonstrative exhibits, respondent asks that they be provided prior to the evidentiary hearing.  Those exhibits shall be provided to respondent along with the exchange of all exhibits prior to the hearing.

VI.  Respondent's Other Motions

A.  Supplemental Exhibit List

Petitioner does not object to respondent supplementing his exhibit list with the items listed on pages 20-21 of respondent's December 1, 2006 Objections.

B.  Stipulation re Loren Look

Respondent proposes a stipulation that Dr. White "was not going to be a testifying witness, and Mr. Look's illness rendered him unavailable as a witness before his death, which occurred at the time of jury selection."   Petitioner's counsel shall contact respondent's counsel to determine if a stipulation can be reached.  The parties shall inform the court of the status of any stipulated facts or testimony during the status conference on January 16, 2007.

C.  Exclusion of Witnesses

Both parties seek exclusion of witnesses who are expected to, or may, testify at the evidentiary hearing.  In addition, the court will prohibit any agent or representative of a party from revealing the testimony of a witness to any other witness.  The court agrees that both

/////

---

[3] In his reply brief, respondent states petitioner has agreed to provide his exhibit binder to respondent by January 5, 2007.

1  parties' investigators, Leon Wright and James Becker, will be permitted to be present during

2  court proceedings to assist counsel.

3     D.  Impeachment with Prior Convictions

4        1.  Witnesses Petitioner Expects to Present

5           a.  Shawn Flynn

6  Respondent seeks to impeach Flynn with a 1987 felony conviction for

7  transporting/selling a controlled substance and a 1998 conviction for petty theft.  Federal Rule of

8  Evidence 609 permits admission of evidence that a witness committed a crime as impeachment.

9  However, Rule 609 imposes a time limitation on that evidence:

> Evidence of a conviction under this rule is not admissible if a
> period of more than ten years has elapsed since the date of the
> conviction or of the release of the witness from the confinement
> imposed for that conviction, whichever is the later date, unless the
> court determines, in the interests of justice, that the probative value
> of the conviction supported by specific facts and circumstances
> substantially outweighs its prejudicial effect.

14  As petitioner points out, Flynn's petty theft conviction is not appropriate for impeachment under

15  Rule 609.  With respect to Flynn's 1987 felony conviction, respondent argues that it is only a

16  little more than ten years prior to the date Mr. Flynn signed his 1998 declaration and that his

17  credibility at that time and at the time of trial is relevant.  For purposes of impeachment, the

18  conviction could only be relevant to Mr. Flynn's credibility at the time his testimony will be

19  heard at the evidentiary hearing in this court.  However, while the evidence may not be

20  admissible to impeach Mr. Flynn's current credibility because it is too old, it may be relevant to

21  consideration of the question of trial counsel's conduct.  As petitioner states, "the gravamen of

22  Mr. Osband's claim is that trial counsel should have given the jury an opportunity to hear these

23  [friend] witnesses' compelling testimony at trial."  Pet'r's Dec. 15, 2006 Resp. to State's Mot. in

24  Limine at 6.   The potential impeachment of that testimony would or should have been a relevant

25  consideration for trial counsel.   Of course, the relevant law for admissibility of that evidence at

26  trial is California law, not Rule 609.

b.  Jaimie Breaux and Eric Gibson

Petitioner does not object to respondent's use of Breaux's 2001 felony conviction for fourth degree arson and Gibson's 1997 felony conviction for corporal injury on a spouse/cohabitant for impeachment.

c.  Aubrey Richey

Petitioner agrees to the use of Richey's 2004 conviction for falsely representing his identity to a peace officer for impeachment purposes.   Because they are over ten years old, the other convictions are not relevant to impeach Richey's testimony at the evidentiary hearing before this court under Rule 609.  However, as described above with respect to Mr. Flynn's older convictions, Richey's convictions that pre-date the trial may be admissible to show the reasonableness of counsel's conduct regarding the failure to put Mr. Richey's testimony before the jury.

d.  Leonard James

Mr. James' 1998 felony conviction for possession of a controlled substance is admissible for impeachment purposes under Rule 609.  However, his 1991 conviction is too old for that purpose and not old enough to be relevant to the question of ineffective assistance at trial.

2.  Witnesses Petitioner May Call

Petitioner does not object to respondent's request to impeach Williams and Thomas with their 1986, 1987, 1988 and 2001 convictions.

E.  Crime Victims' Rights Motion

Respondent seeks permission for the victims' family members to attend the evidentiary hearing.  As petitioner points out, they are free to do so.  With respect to Celeste Snavely, who is listed as a potential witness, she is barred from only those proceedings addressing third-party culpability.

F.  Tape Recorder and Laptop Computer

The court permits the parties to bring tape recorders and laptop computers into the courtroom for use during the evidentiary hearing.

G.   Prior Statements of Witnesses

Procedure at the evidentiary hearing will follow Federal Rule of Evidence 613(a) as requested by respondent:

> **a) Examining witness concerning prior statement.** In examining a witness concerning a prior statement made by the witness, whether written or not, the statement need not be shown nor its contents disclosed to the witness at that time, but on request the same shall be shown or disclosed to opposing counsel.

## PETITIONER'S MOTION IN LIMINE

I. Rule 7 Expansion of the Record

Respondent seeks to expand the record to include the Clerk's Transcript and Reporter's Transcript on the appeal of petitioner's case.  Petitioner objects.  He argues that the transcript in its entirety is not relevant to the issues in the evidentiary hearing.  The undersigned finds expansion of the record to include trial transcripts to be a matter of form over substance.  It is not possible to review petitioner's claims challenging his guilt and penalty phase trials without review of the state court proceedings.  If the Clerk's and Reporter's transcripts on appeal are not already part of the record before this court, then they are admitted under Rule 7.

II. Admissibility of Photos of Crime Scenes and Victims

Petitioner argues that these six photos are inadmissible for three reasons.  First, they are not relevant to the issues on which this court granted an evidentiary hearing.  See Fed. R. Evid. 402.  Second, their probative value is outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.  Third, they are not the originals nor are they accurate reproductions of the trial exhibits, which were destroyed in bad faith.  See Fed. R. Evid. 1002, 1004(1).

As respondent points out, the photos are relevant to trial counsel's strategy at the penalty phase.  In interviews, petitioner's trial attorney noted that part of the penalty phase strategy was wiping from jurors' minds the "grim" and "disturbing" photos of the crime scenes and victims.  Resp't's Dec. 18, 2006 Opp'n to Pet'r's Mot. in Limine ("Resp't's Opp'n") at 6-7.  The court also finds  that because this evidentiary hearing does not involve a jury, the prejudice contemplated by

1  Rule 403 is of less concern.  This court can review the photos without being confused or misled and

2  without unfairly prejudicing petitioner.  The court thus finds their probative value outweighs any

3  prejudice.  The difficult question here is the fact that these are not the original photos shown to the

4  jury.

5          Despite respondent's argument that the photos are relevant to understanding counsel's

6  penalty phase strategy, respondent claims the question whether the photos offered at the evidentiary

7  hearing are "the actual photographs that were shown to the jury is irrelevant." Resp't's Opp'n at 9.

8  According to respondent, the issue is what sort of pictures counsel had in mind when formulating

9  a penalty phase strategy, not what pictures the jury actually saw.   In addition, respondent points to

10 the posttrial exhibit reconstruction hearing.

11         Petitioner relies upon Federal Rules of Evidence 1002 and 1004 to argue these

12 replacement photos should not be admitted.  Federal Rule of Evidence 1002 provides: "To prove the

13 content of a writing, recording, or photograph, the original writing, recording, or photograph is

14 required, except as otherwise provided in these rules or by Act of Congress."  Under Rule 1004,

15 "The original is not required, and other evidence of the contents of a writing, recording, or

16 photograph is admissible if . . . .  All originals are lost or have been destroyed, unless the proponent

17 lost or destroyed them in bad faith."  In addition, Rule 1003 is relevant: "A duplicate is admissible

18 to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the

19 original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original."

20         Respondent argues Rules 1002 and 1004 are inapplicable because he does not seek

21 to prove the contents of the photographs.  Rather, he will use the photos to "illustrate" trial counsel's

22 testimony about what the jurors saw.  Respondent also points out that the California Supreme Court

23 did not find that the photos were destroyed in bad faith.  Rather, the California Supreme Court stated:

24 "The [trial] court found that misconduct by employees in the clerk's office resulted in the exhibits'

25 loss. Although it could not conclusively decide the nature of the misconduct, its findings suggest that

26 /////

the exhibits were improperly safeguarded and hence were inadvertently discarded." People v. Osband, 13 Cal. 4th 622, 661-62 (1996).

Petitioner points out that the exhibit reconstruction is the subject of claim 27 of the petition. He argues that the probative value of these photos is outweighed by the time and distraction entailed in litigating this issue now. The court finds the issue of admission of these photos sufficiently complex to require oral argument. The parties shall be prepared to discuss the issue at the January 16 status conference.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner's requests numbered 1, 2, 4 and 5 in his November 20, 2006 Witness and Exhibit List to expand the record are granted. Petitioner's requests numbered 6-11 are denied. Request number 3 regarding Dr. Mehtani's deposition is addressed in a separate order.

2. All testimony of petitioner's witnesses Michael Clark, Jaimie Breaux, Shawn Flynn, Aubrey Richey, Leonard James and Eric Gibson shall be taken during the evidentiary hearing.

3. Respondent's request to limit the testimony of Burton Loehr is denied. However, petitioner is reminded that Loehr's testimony must relate to the issues of the reasonableness of counsel's conduct raised in claims 1, 9 and 20.

4. By 5:00 p.m. on January 10, 2007, petitioner's counsel shall file a clarification of the potential testimony of Richard Williams, W.J. Thomas, Leon Wright, Dr. White and Dr. Saxon. If respondent has further objections, he shall file them in writing by 5:00 p.m. on January 12, 2007. The undersigned will hear any argument on these matters at the January 16 status conference.

5. Respondent's objections to the taking of the testimony of Richard Williams, Yolanda Mitchell and Francine Winn are denied without prejudice to their renewal at a later time.

6. By 5:00 p.m. on January 10, 2007, the parties shall exchange copies of the exhibits they intend to or may introduce at the evidentiary hearing. The parties shall have pre-marked each exhibit. Petitioner's exhibits shall be identified by letters and respondent's shall be

1   numbered.  Any objections to exhibits that can be considered prior to the evidentiary hearing will

2   be heard on January 22, 2007 prior to the taking of testimony.

3              7.  Respondent's motion to supplement his exhibit list with the items listed on pages

4   20-21 of his December 1, 2006 Objections is granted.

5              8.  At the January 16, 2007 status conference, the parties shall inform the court of any

6   stipulations, including any stipulations regarding Loren Look and the testimony of Dr. White.

7              9.  Testifying witnesses shall be excluded from the evidentiary hearing.  In addition,

8   no agent or representative of a party shall reveal the testimony of a witness to any other witness.

9   Although they may be witnesses, the parties' investigators, Leon Wright and James Becker, may be

10  present during all court proceedings.  In addition, victim's family member Celeste Snavely may

11  attend all aspects of the hearing except those addressing third-party culpability.

12            10. Respondent may impeach witnesses with prior convictions as specified at pages

13  8-9 of this order.  In addition, as described above, some prior convictions may be admissible in

14  considering the claims of ineffective assistance of counsel.  The court will address objections to this

15  use of these prior convictions as the need arises during the evidentiary hearing.

16            11.  The parties are permitted to bring tape recorders and laptop computers into the

17  courtroom for use during the evidentiary hearing.

18            12.  The Federal Rules of Evidence govern the evidentiary hearing in this section

19  2254 case.  Fed. R. Evid. 1101(e).

20            13.  Respondent's request to expand the record to include the Clerk's Transcript and

21  Reporter's Transcript on the appeal of petitioner's case is granted.

22            14.  At the January 16, 2007 status conference, the parties shall be prepared to argue

23  the admissibility of the six photos of the victims and crime scenes that respondent seeks to admit.

24  DATED: January 5, 2007.

25

26  osbandmtnlimine.or

                                                      U.S. MAGISTRATE JUDGE