IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE IAN OSBAND,

    Petitioner,

vs.

ROBERT L. AYERS, JR.,
 Acting Warden of San Quentin
 State Prison,

    Respondent.

No. CIV S-97-0152 WBS KJM

DEATH PENALTY CASE

ORDER

        Petitioner seeks an expansion of the evidentiary hearing to "cover a narrow area of overlap between the allegations in Claims 1, 5, 9, and 20, as they relate to the testimony of trial counsel." Jan. 26, 2007 Brief in Supp. of Exp. Evid. Hrg. at 2. Petitioner asks the court to "overrule the State's objection to testimony from trial counsel that would relate to (a) Petitioner's competence to stand trial, (b) whether he suffered from paranoid delusions about lawyers, and (c) whether trial counsel reasonably responded to their perceived difficulty in communicating with him." Id. At this time, petitioner appears to seek only to introduce testimony of trial counsel on these issues, not the testimony of mental health experts or others regarding petitioner's competence at trial.

        The question of relevance to evidentiary hearing claims 1, 9 and 20 can stand alone. The undersigned agrees that counsel's interactions with petitioner, counsel's ability to

communicate with petitioner, and the actions counsel did or did not take to facilitate communicate with petitioner are relevant to the allegations of ineffective assistance of counsel in those claims. In fact, it is not entirely clear why petitioner's request is necessary given this court's prior order that it would not limit Mr. Loehr's testimony regarding petitioner's competency to stand trial as respondent had requested in his motion in limine. Jan. 8, 2007 Order at 4. This order would apply equally to the testimony of petitioner's other trial attorneys. Further, the court already has addressed, and dismissed, respondent's contention that Mr. Loehr's testimony is not relevant to the ineffective assistance claims.[1]

      The undersigned finds two issues with petitioner's request. First, in both his initial and reply briefs, petitioner describes potential testimony regarding whether or not Judge Backus's letter to Dr. Mehtani led Mehtani to believe Vincent O'Brien, in addition to petitioner's other counsel, felt petitioner was competent. While petitioner's ability to understand the proceedings and assist and communicate with counsel are relevant to claims 1, 9 and 20, testimony specifically regarding what Dr. Mehtani did or did not believe is not. In other words, petitioner must show the evidence and testimony he seeks to present is relevant to the consideration of claims 1, 9 and 20. Further, to the extent petitioner wants to introduce this "overlap" evidence in support of claim 5, that issue can be addressed after conclusion of the evidentiary hearing when a determination is made about any further evidentiary proceedings on claim 5.

      The second issue is petitioner's description of potential testimony from Mr. O'Brien that he met ex parte with the trial judge regarding petitioner's competence. As noted in this court's May 11, 2005 Order, the allegations in claim 5 regarding the trial court's failure to conduct an evidentiary hearing must be considered based on the record before the trial court.

---

[1] "While Mr. Loehr was replaced prior to the start of trial, he was undoubtedly involved in the preparation of the guilt phase case relevant to claims 1 and 9 and may have been involved in preparation of the penalty phase case, relevant to claim 20. At this point, the undersigned is not willing to limit Mr. Loehr's testimony as respondent wishes." Jan. 8, 2007 Order at 4.

1 Generally, then, an evidentiary hearing is not required on these allegations. However, in his
2 brief, petitioner describes possible extra-record evidence that may have been considered by the
3 trial judge in determining not to conduct a competency hearing. Pet'r's Jan. 26, 2007 Brief in
4 Supp. of Exp. Evid. Hrg. at 4. To establish trial court error in failing to conduct a competency
5 proceeding, a petitioner must show a reasonable judge would have had a "bona fide doubt" that
6 the petitioner had the ability "to consult with his lawyer with a reasonable degree of rational
7 understanding – and a rational as well as factual understanding of the proceedings against him."
8 Pate v. Robinson, 383 U.S. 375, 385 (1966); Dusky v. United States, 362 U.S. 402 (1960); Odle
9 v. Woodford, 238 F.3d 1084, 1089 (9th Cir. 2001). Since all evidence available to the trial judge
10 should be considered to make this determination, the court will permit petitioner to question trial
11 counsel regarding any extra-record evidence before the trial judge regarding petitioner's
12 competency.

Accordingly, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Petitioner may introduce evidence at the evidentiary hearing relevant to the issues specified in the May 11, 2005 Order regarding claims 1, 9 and 20, even if that evidence is also relevant to other claims.

2. In addition, at the evidentiary hearing, petitioner may put on testimony from his trial counsel regarding the allegations in claim 5 that the trial court failed to conduct an appropriate inquiry into petitioner's competence.

DATED: March 14, 2007.

_____
U.S. MAGISTRATE JUDGE

osbandeviexp.or