IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE IAN OSBAND,

    Petitioner,　　　　　　　　　No. CIV S-97-0152 WBS KJM

    vs.　　　　　　　　　　　　　　　　DEATH PENALTY CASE

ROBERT L. AYERS, JR.,
 Acting Warden of San Quentin State Prison,
    Respondent.　　　　　　　　　ORDER
_____/

        The parties dispute the applicability of the June 14, 2006 protective order to the evidentiary hearing, which has now begun. On its face, the protective order addresses respondent's use of documents, including the contents thereof, gained through discovery. It covers: "All documents produced to respondent pursuant to respondent's motion to discover trial counsel's file and the mental health examinations of Drs. Yarvis and Hutchinson, prepared at trial counsel's request in preparation for trial, shall be deemed confidential." It does not address specifically the use of the documents, or information gained from them, during the evidentiary hearing. Moreover, it does not address testimony that may be covered by the attorney/client privilege or work product protection for purposes besides the present proceeding, for which, as petitioner concedes, the privilege and protection are subject to narrow waiver. See Bittaker v.

/////

1

1  Woodford, 331 F.3d 715, 722-23 (9th Cir. 2003).  The protective order also provides that
2  disclosure of covered materials may not be made "without an order from this Court."
3        The present protective order, and similar ones, which, on their face apply only to
4  discovered documents, have been approved by the Court of Appeals.  Bittaker, 331 F.3d at 717
5  n.1; Osband v. Woodford, 290 F.3d 1036, 1037-38 (9th Cir. 2002).  During oral argument on the
6  first morning of evidentiary hearing, counsel informed the court that they have located no
7  precedent for the extension of a similar protective order to an evidentiary  hearing.
8        Respondent points to one non-capital case in which the court found a protective
9  order applicable during discovery was not presumptively applicable to all proceedings.  See
10 California v. Safeway, 355 F. Supp. 2d 1111 (C. D. Cal. 2005).  There, the court found good
11 cause for a stipulated protective order sealing documents the parties provided to each other in
12 discovery that involved union/employer agreements.  Later, the defendant sought to seal some of
13 these documents when submitting them along with a motion for summary judgment.  The
14 plaintiff protested and the Magistrate Judge found the documents were sealed appropriately and
15 that the protective order had been entered for good cause.  The plaintiff then sought
16 reconsideration before the district judge. The district court made a distinction between protective
17 orders for purposes of discovery and sealing documents for purposes of the summary judgment
18 motion.  The court noted that, "The presumption of access to court records is rebutted by the
19 existence of a protective order only in the case of non-dispositive motions." Safeway, 355 F.
20 Supp. 2d at 1115 (emphasis in original).  Summary judgment proceedings, a substitute for trial,
21 are distinct from non-dispositive motions.  Id.  Because the protective order did not create a
22 presumption of confidentiality, the defendant bore the burden of establishing "compelling
23 reasons" justifying the sealing of the court's summary judgment record.  Id. at 1115-16.  The
24 /////
25 /////
26 /////

court looked to the following factors to determine what constituted "compelling reasons:"

> (1) the public's interest in understanding the judicial process; (2) whether disclosure of the material at issue could result in improper use (such as to incite scandal, libel a party or enable infringement of a party's trade secrets); (3) the interests of the parties, and the balance of equities; (4) the national labor policy; and (5) the duty of the courts to balance all of these competing interests and to inform the public of the basis for its decision.

Id. at 1115.  The undersigned finds factors (1), (2), (3), and (5) relevant to consideration of petitioner's need for closing portions of the evidentiary hearing.[1]

Here, the purpose of the present evidentiary hearing is to create a record for final disposition of the petition for writ of habeas corpus.  The evidentiary hearing thus is comparable to the summary judgment motion discussed in California v. Safeway and to trial.  355 F. Supp. 2d at 1115. Accordingly, the undersigned finds counsel must demonstrate compelling reasons to justify closing any portion of the hearing and sealing the corresponding portion of the transcript.  As the court informed counsel at the start of the hearing, counsel shall inform the court before starting a group of questions that may bring out protected information, counsel may then make an off-the-record proffer showing what protected evidence may be adduced and why there is a compelling need to close that portion of the hearing.  The undersigned noted that the court will pay particular attention to the potential prejudice to petitioner, in the event of any retrial, of public revelation of information in these proceedings.  The undersigned also informed the parties that some portions of the hearing may be temporarily sealed and reviewed for pubic disclosure at a later date.[2]

/////

/////

---

[1] The approach in Safeway is consistent with the approach this court takes in all cases before it.  See Local Rules 39-140(e), 39-141.

[2] Following the hearing, the court anticipates issuing an order to show cause why selected portions of the hearing record that were temporarily sealed should not be unsealed.

1    For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

2. 1. The court will not presume the June 14, 2006 Protective Order applies to this evidentiary hearing. The court recognizes that petitioner's waiver of the attorney/client privilege and work product protection should be narrowly drawn and is limited to this federal proceeding.

3. 2. Information gained from any portion of this evidentiary hearing that is closed, and all discovered matters covered by the protective order, may be used only for purposes of any proceeding incident to the petition for writ of habeas corpus pending before this court. Disclosure of any of this information may not be made to any other persons or agencies, including any law enforcement or prosecutorial personnel or agencies, without an order from this court. This order shall continue in effect after conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of petitioner's criminal case.

DATED: April 24, 2007.

_____
U.S. MAGISTRATE JUDGE

osband.final

4