UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

LANCE IAN OSBAND,

Petitioner,

v.

ROBERT L. AYERS, Jr., Warden of San Quentin State Prison,

Respondent.
_______________________________/

NO. CIV. 97-152 WBS KJM
CAPITAL CASE

MEMORANDUM AND ORDER RE: PETITIONER'S REQUEST FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S ORDER FILED JUNE 13, 2008

----oo0oo----

One June 13, 2008, the assigned Magistrate Judge ordered petitioner Lance Osband to make a three-part showing for each portion of the transcript and exhibits from an evidentiary hearing that he seeks to have sealed from the public. Petitioner now moves for reconsideration of that Order pursuant to 28 U.S.C. § 636(b)(1)(A).

I. Factual and Procedural Background

Petitioner was convicted of first-degree murder in California state court and sentenced to death in 1988. (May 11, 2005 Order (Docket No. 169) 12:5-6.) His conviction was affirmed

on appeal, People v. Osband, 13 Cal. 4th 622 (1996), and the United States Supreme Court denied certiorari, Osband v. California, 519 U.S. 1061 (1997). Following denial of his state habeas petition, petitioner filed his federal habeas corpus petition in this court. (May 11, 2005 Order 12:11-15.) His petition asserts claims of ineffective assistance of counsel, including a claim that his counsel failed to adequately develop evidence of his mental health.

The Magistrate Judge previously assigned to this case granted respondent discovery of trial counsel's file and the records of two mental health examiners but issued a protective order declaring such discovery confidential and prohibiting disclosure to other persons or agencies. (Aug. 10, 2000 Order (Docket No. 68) 4:3-13.) That protective order was subsequently upheld on appeal. Osband v. Woodford, 290 F.3d 1036 (9th Cir. 2001).[1]

At the time of the evidentiary hearing on petitioner's claims, which began on April 23, 2007, the Magistrate Judge now assigned to this case determined that the protective orders governing discovery did not apply to documents and evidence submitted during the hearing. (Apr. 24, 2007 Order (Docket No. 417) 4:3-5.) The Magistrate Judge attempted to set out a procedure for protecting testimony and evidence that should be sealed, but it proved unworkable. (See Oct. 27, 2007 Order (Docket No. 452) 1:24.) Consequently, in light of the lack of

---

[1] The Magistrate Judge later replaced the original protective order to address respondent's deposition or interview of trial counsel. (June 14, 2006 Order (Docket No. 271) 2:4-3:4.)

public interest in attending the hearing, the Magistrate Judge ordered the hearing closed and the transcript temporarily sealed during the testimony of trial counsel and a jury consultant. (Id. 1:24-2:1.) The question of which portions of the transcript and exhibits would remain sealed was postponed until after the hearing. (Id. 2:1-4.)

After receipt of the final transcript, the Magistrate Judge informed the parties of her analysis of the legal bases for permitting portions of the transcript to remain sealed given the public's right of access to judicial proceedings. (Id. 2:7-5:11.) The Magistrate Judge tentatively identified those portions she found should remain sealed. (Id. 5:13-16.) The parties were then ordered to brief the issue of sealing the hearing transcript and/or exhibits. (Id. 6:4-17.)

Following briefing and oral argument, the Magistrate Judge issued the June 13 Order, which identified the showing required of the petitioner to overcome the public right of access and keep portions of the hearing transcript and exhibits sealed. (June 13, 2008 Order (Docket No. 513) 6:24-25.) Specifically, the Magistrate Judge ordered that for all portions of the record sought to be kept sealed, petitioner must show: "(a) the relevance of the information he seeks to seal to an issue which may be raised on any retrial, (b) the likelihood that the issue may be raised on any retrial, and (c) the prejudice he could suffer should that information be revealed." (Id. 22:15-23:7.)

II. Discussion

A. Standard of Review

The court must defer to a non-dispositive order entered

by a magistrate judge unless it is "'clearly erroneous or contrary to law.'" Grimes v. City & County of S.F., 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a)); see 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). The "contrary to law" standard amounts to de novo or plenary review of questions of law. See Osband v. Woodford, 290 F.3d 1036, 1041 (9th Cir. 2002); Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992). Since the issues raised by this motion involve only questions of law, the court reviews the Magistrate Judge's order de novo.

B. Effect of the Protective Order

Different standards of confidentiality apply to materials gathered and disclosed during discovery on the one hand and materials filed with the court in connection with a dispositive action on the other. See Baxter Int'l. v. Abbott Labs., 297 F.3d 544, 545 (7th Cir. 2002). In general, parties to an action can prevent public disclosure of discovery materials simply by showing good cause that a protective order should issue. Phillips v. G.M. Corp., 307 F.3d 1206, 1210 (9th Cir. 2002). The strong presumption of public access does not apply to such materials. Id. at 1213; Chicago Tribune Co. v. Birdgestone/Firestone, Inc., 263 F.3d 1304, 1310 (11th Cir. 2001).

Once raw discovery materials are filed with the court in connection with a motion seeking action by the court, however, their status changes. Rushford v. New Yorker Magazine, Inc., 846

F.2d 249, 252 (4th Cir. 1988). Such materials have then entered the judicial record, and they are subject to the presumption of public access, under which different requirements must be satisfied to keep the materials confidential. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003); Chicago Tribune Co., 263 F.3d at 1312; Rushford, 846 F.2d at 253.

In this case, materials related to petitioner's claims of ineffective assistance of counsel discovered pursuant to the protective order became part of the judicial record when they were submitted as part of the evidentiary hearing. Consequently, despite the fact that those materials were produced pursuant to a protective order, the court must now consider the public right of access in deciding continue to maintain them under seal. See Rushford, 846 F.2d at 252-53 (holding that even documents specifically covered by a protective order during discovery must be unsealed, absent an overriding interest, when attached to a dispositive motion). The Magistrate Judge thus did not act contrary to law by considering whether the public right of access requires the court to unseal the entire record of the evidentiary hearing.[2]

---

[2] The Magistrate Judge's consideration of the public's right of access to the evidentiary hearing was also proper even though no outside party had requested access. So long as a litigant seeks to seal court records, a court must determine whether the public's right of access precludes such closure. See Pintos v. Pac. Creditors Ass'n, 504 F.3d 792, 802 n.8 (9th Cir. 2007); see also Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co., 178 F.3d 943, 945 (7th Cir. 1999) ("The judge is the primary representative of the public interest in the judicial process and is duty-bound therefore to review any request to seal the record (or part of it)." (citing Arthur R. Miller, Confidentiality, Protective Orders, and Public Access to the Courts, 105 Harv. L. Rev. 427, 492 (1991))).

The Ninth Circuit's holding in Bittaker v. Woodford, 331 F.3d 715 (9th Cir. 2003) (en banc), does not demand a different result. In Bittaker, the Ninth Circuit upheld the district court's protective order in a habeas case prohibiting the state Attorney General from disclosing any discovery materials protected by the petitioner's attorney-client privilege to any other persons or offices. Id. at 717, 728. While the Court of Appeals discussed the risks to a successful petitioner's fair trial rights on retrial if privileged material was disclosed during the habeas litigation, id. at 723 n.7, its holding was limited to the validity of the protective order regarding the fruits of discovery, id. at 728. Because the Ninth Circuit did not address the issue of disclosure of materials discovered pursuant to a protective order but submitted in connection with a merits hearing, Bittaker does not obviate the need to assess the public's right of access in the circumstances of this case.

C. The Public Right of Access

The public right of access to judicial proceedings and records is grounded in both the First Amendment and common law. CBS, Inc. v. U.S. Dist. Court, 765 F.2d 823, 825 (9th Cir. 1985). The right was developed under both sources to serve similar goals of facilitating public oversight and informed discussion of the courts and reinforcing legitimacy. See Cal. First Amendment Coal. v. Woodford, 299 F.3d 868, 874 (9th Cir. 2002); Valley Broad. Co. v. U.S. Dist. Court, 798 F.2d 1289, 1293 (9th Cir. 1986).

Neither the common law or First Amendment right of access is absolute. Under the common law, the party seeking

closure can overcome the presumption of access by showing "sufficiently compelling reasons for doing so." Foltz, 331 F.3d at 1135 (citing San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1102 (9th Cir. 1999). This standard has been described as a "balancing test," San Jose Mercury News, 187 F.3d at 1102, in which the court must weigh such factors as the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995) (citing E.E.O.C. v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990)).

The First Amendment framework similarly requires the court to "carefully balance [competing] interests." Phoenix Newspapers, Inc. v. U.S. Dist. Court, 156 F.3d 940, 949 (9th Cir. 1998). The constitutional right of access "can be overcome only by an overriding right or interest 'based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Oregonian Pub. Co. v. U.S. Dist. Court, 920 F.2d 1462, 1465 (9th Cir. 1990) (quoting Press-Enter. Co. v. Superior Court, 464 U.S. 501, 510 (1984)). "'The interest is to be articulated along with findings specific enough that a reviewing court can determine whether the closure order was properly entered.'" Id.

In the June 13 Order, the Magistrate Judge only set forth the showing that petitioner must make to enable the Magistrate Judge to balance competing interests and determine if the public right of access has been overcome. That order was

neither clearly erroneous nor contrary to law. The court cannot determine at this point, however, whether the Magistrate Judge's eventual order concerning unsealing will indeed satisfy the requirements of either the First Amendment or the common law frameworks. Accordingly, given the immediate injury that petitioner could suffer if confidential information prejudicial to his retrial were to be disclosed to the public even temporarily, the court allow the Magistrate Judge to proceed as scheduled, but order that no portions of the record which have previously been sealed be unsealed until this court has had an opportunity to review the Magistrate Judge's final unsealing order.

IT IS THEREFORE ORDERED that petitioner's motion for reconsideration be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the record of the evidentiary hearing be kept under seal until this court has reviewed the Magistrate Judge's unsealing order.

IT IS FURTHER ORDERED that this matter be, and the same hereby is, REMANDED to the Magistrate Judge to consider which, if any, portions of the transcript and exhibits from the evidentiary hearing should be unsealed.

DATED: January 29, 2009

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE