IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE IAN OSBAND,

    Petitioner,

vs.

WARDEN, San Quentin State Prison,

    Respondent.

No. 2:-97-CV- 0152 WBS GGH (TEMP)

DEATH PENALTY CASE

ORDER

    Due to the elevation of Magistrate Judge Kimberly J. Mueller to the position of United States District Judge, the above-captioned case was reassigned temporarily to Magistrate Judge Gregory G. Hollows. (Dkt. No. 578.) The parties jointly request vacation of the referral of this case to a magistrate judge and reassignment from Judge William B. Shubb to Judge Mueller. (Dkt. No. 577.)

    The court finds the interests of judicial economy and fairness will best be served by granting the parties' request. Judge Mueller heard eight days of evidentiary hearing testimony in 2007. Due to issues surrounding sealing portions of the evidentiary hearing transcript, Judge Mueller has not made findings of fact on the issues presented at that hearing. Further, there are no matters currently pending before the district judge and the parties agree to submit any motions for reconsideration of Judge Mueller's December 20, 2010 order to her.

1

The court makes this ruling cognizant of the Court of Appeals' caution in Dawson v. Marshall, 561 F.3d 930 (9th Cir. 2009). In Dawson, a magistrate judge issued findings and recommendations, was elevated to the position of district judge, was reassigned the case as a district judge, and ruled on objections to those findings and recommendations. The Court of Appeals held the judge "violated no law and denied [the parties] no right." 561 F.3d at 933. However, the court went on to note that although the judge's "role in this case was proper, there is a problem of appearances. Therefore, in our supervisory capacity over the district courts of this circuit, we suggest that district courts avoid assigning new district judges to cases they handled as magistrates." Id. at 934.

This court fully appreciates the potential problems in reassigning cases to a district judge who presided over the case while a magistrate judge. Nonetheless, reassignment is appropriate here because the circumstances in this case are unique.[1] The present case is in a different posture than Dawson. Judge Mueller will not be placed in the position of reviewing her own recommendations on dispositive matters. To the extent she will review her decision regarding sealing portions of the evidentiary hearing transcript, both parties agree that she may do so. In addition, there is a potential for prejudice to the parties and a potential waste of judicial resources should the evidentiary hearing testimony go unused. The court finds it in the best

////
////
////
////
////
////

---

[1] This reassignment should not be considered precedent for other similar requests. The court stresses that the unique nature of this complex proceeding makes reassignment appropriate in this circumstance only.

1 | interest of the court and the parties to reassign this case from the Honorable Judge William B.
2 | Shubb to the Honorable Kimberly J. Mueller and vacate the referral of the case to a magistrate
3 | judge pursuant to Local Rule 302(c).

5 | IT IS SO ORDERED.

Dated:   January 14, 2011

CHIEF UNITED STATES DISTRICT JUDGE