UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Lance Ian Osband, | No. 2:97-cv-00152-KJM-CSK |
| Petitioner, | ORDER |
| v. | |
| Jason Schultz, | |
| Respondent. | |

Petitioner Lance Osband is a state prisoner under sentence of death. He seeks a writ of habeas corpus. The matter was referred to the assigned Magistrate Judge under the Local Rules of this District. The previously-assigned Magistrate Judge prepared thorough findings and recommendations on the application of 28 U.S.C. § 2254(d) to claims I, V, IX and XX of the operative amended petition. ECF Nos. 26, 707. The parties each object to portions of the findings and recommendations, and petitioner has replied to respondent's objections. ECF Nos. 726, 771, 773.[1] The court has reviewed the matter de novo and has considered the parties' objections, including those not mentioned expressly in this order, writing here only to explain what is necessary to understand the court's decision: the courts **adopts the findings and recommendations in part**.

---

[1] Petitioner also filed pro se objections, ECF No. 710, which the court has disregarded, as he is represented by counsel in this matter.

1    First, with respect to claim I, the court agrees with the Magistrate Judge's assessment of
2    prejudice under the second part of the two-part test set out in *Strickland v. Washington*, 466 U.S.
3    668 (1984).  The state court could reasonably have concluded effective attorneys would not have
4    presented evidence showing third parties, including Richard Thomas and W.J. Williams, were
5    actually responsible for the death of Lois Skuse.

6    Before trial, Osband had come to believe his appointed counsel, Burton Loehr, was
7    undermining his defense, in part because Osband suspected Loehr was persuaded Osband was in
8    fact guilty of Skuse's murder.  *See, e.g.*, F&Rs at 34–35.  Osband instructed Loehr not to pursue
9    any defense that could show he played any role in the murder, and evidence implicating Thomas
10   and Williams could have implicated him, at least in part, among other reasons because they were
11   Osband's friends or acquaintances.  *See id.*  The court relieved Loehr as Osband's counsel due to
12   Osband's suspicions and distrust, including his perception Loehr would not follow his
13   instructions; the court appointed substitute counsel.  It would be reasonable for a fair-minded
14   jurist to conclude from this record that substitute counsel gained and maintained Osband's trust at
15   least in part by following Osband's previously expressed wishes, i.e., by not pursuing a defense
16   implicating Thomas and Williams, and thus Osband in turn.  *See* Respondent's Br. at 116–18 nn.
17   43–44.  The Magistrate Judge's alternative assessment of the record also is reasonable, *see* F&Rs
18   at 356, but this court must determine whether the state court's decision rested on "a reasonable
19   determination of the facts" under 28 U.S.C. § 2254, *Schriro v. Landrigan*, 550 U.S. 465, 477
20   (2007), even if the state court did not express that determination in a written opinion, *see*
21   *Harrington v. Richter*, 562 U.S. 86, 98–99 (2011).

22   Even if Osband released his substitute attorneys from his previous instruction, reasonable
23   and diligent counsel may very well have concluded that attempting to point the finger at Thomas
24   and Williams would be unproductive.  As the Magistrate Judge and respondent both have
25   detailed, the evidence against Thomas and Williams was thin and potentially inadmissible:
26   Osband has relied in significant part on statements that would likely have been inadmissible
27   hearsay if presented at trial in the form he now offers them; no physical evidence connected
28   Thomas and Williams to the crime scene, whereas the prosecution did have physical evidence

2

connecting Osband to the scene; the evidence against Thomas and Williams did not contradict the physical evidence against Osband; and Osband's own testimony would tend to inculpate him if Thomas and Williams were in fact responsible for the murder. *See* F&Rs at 37–47; Respondent's Br. at 117–24 n.44. Because the state court could reasonably have denied relief on this basis, it is not necessary to consider whether counsel's investigation into a potential third-party defense fell short of the constitutional standard. *Cf.* F&Rs at 25–32 (finding petitioner made a prima facie showing of a failure to investigate that could not reasonably have been rejected).

Osband argues the Magistrate Judge erred by ignoring evidence about additional suspects as well. *See* Pet. Obj. at 21–23. But the evidence Osband cites about these other people is vaguer and weaker than the evidence against Thomas and Williams, and he did not develop arguments about this evidence in his brief. *See* Pet. Br. at 145–49; Pet. Obj. at 21–22. Osband's other objections demonstrate no errors in the relevant portions of the Magistrate Judge's findings and recommendations. The court thus adopts in part the Magistrate Judge's findings and recommendations with respect to claim I, as specified above.

Second, with respect to claim V, the court adopts the Magistrate Judge's findings recommendation in full. As the Magistrate Judge explains, the state trial court was obligated to consider the opinions of the mental health professional, Dr. Janak Mehtani, not in isolation, but rather "in light of the entire record before it." F&Rs at 56. Even though Dr. Mehtani initially opined that Osband was not competent, the trial court had observed Osband and spoken with him and his attorneys at multiple hearings. *See id.* at 56–57. Osband's substitute counsel represented to the court that other experts had examined him but had not concluded he was incompetent, and counsel believed his symptoms were actually attributable to his poor relationship with Loehr. *See id.* at 57. These representations led the trial court to move forward with the substitution of counsel, and after the substitution, Dr. Mehtani supplemented his opinion in response to the trial court's request, finding Osband was competent to proceed. *See id.* at 58; Respondent's Br. at 125, 132–33. A fair-minded jurist could conclude, based on this record, that petitioner was competent to stand trial.

1    Third, with respect to claim IX, the court adopts the findings and recommendations in full.
2 As the Magistrate Judge explains, the state court could reasonably have concluded Osband was
3 competent to testify for essentially the same reasons he was competent to stand trial.  Nor has
4 Osband cited evidence attributing any particular testimony or decision to any particular deficient
5 action or omission by his counsel, rather than to himself.  *See* F&Rs at 62–70.  In addition, as the
6 Magistrate Judge correctly notes, counsel could not ethically have assisted petitioner in an
7 attempt to testify untruthfully or misleadingly at trial, and in any event, petitioner had a right to
8 testify in his defense, even if contrary to the best advice of his counsel.  *See id.* at 64–65.

9    Fourth, with respect to subclaim C of claim XX, the court adopts the Magistrate Judge's
10 findings and recommendations in full.  A fair-minded jurist could not reasonably have found
11 Osband fell short of the prima facie showing required of him.  *See* F&Rs at 70–93.  "[A]
12 mountain of extremely compelling mitigating evidence was . . . available and could have been
13 presented on [petitioner's] behalf under clearly established federal law," and this evidence "may
14 have induced at least one juror to conclude [p]etitioner did not deserve death."  *Id.* at 90–91.
15 Petitioner's allegations before the state court were "materially indistinguishable from cases where
16 the [United States] Supreme Court has held the petitioner showed penalty phase prejudice from
17 trial counsel's deficient mitigation investigation."  *Id.* at 91 (citing *Rompilla v. Beard*, 545 U.S.
18 374, 392–93 (2005); *Porter v. McCollum*, 558 U.S. 30, 41 (2009); *Wiggins v. Smith*, 539 U.S.
19 510, 537 (2003); *Williams v. Taylor*, 529 U.S. 362, 398 (2000)).  The court agrees with the
20 Magistrate Judge that petitioner has shown the state court's decision was in this respect "contrary
21 to, or involved an unreasonable application of, clearly established Federal law, as determined by
22 the Supreme Corut of the United States."  28 U.S.C. § 2254(d)(1).

23    The Magistrate Judge treated the other subparts of claim 20 as abandoned because Osband
24 did not make arguments about those subparts.  F&Rs at 70 n.17.  Osband objects, citing the
25 overview of claim XX.  *See* Pet. Obj. at 72–74 (citing Pet. Br. at 208–10).  The arguments he cites
26 do reference some issues encompassed by the other subclaims within claim XX, but after review
27 the court agrees with the Magistrate Judge that petitioner has not "cited authority tending to show
28 that those [other] subclaims were adjudicated in a manner undeserving of deference under 28

4

U.S.C. section 2254(d)." F&Rs at 70 n.17.  The court therefore adopts in part the Findings and Recommendations with respect to the other subclaims in claim XX: the court finds petitioner did not abandon or waive those subclaims, but neither has he shown the state court's decision is contrary to or an unreasonable application of clearly established law under 28 U.S.C. § 2254(d).

Finally, the court has considered Osband's objection that the Magistrate Judge incorrectly viewed his claims and his counsel's alleged errors "in isolation," effectively ignoring their "synergistic effect." *E.g.*, Pet. Obj. at 18.  Osband has not shown the various instances of allegedly ineffective assistance and other errors compounded with one another, such that no fair-minded jurist could rationally deny relief under the relevant standard, with the exception of claim XX, subclaim C, as explained above.

The court finds petitioner is entitled to a certificate of appealability with respect to claims I, V, IX and subclaims A, B, D, E, F and G of claim XX under 28 U.S.C. § 2253(c)(2). Reasonable jurists could find this court's conclusions and the Findings and Recommendations are debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473 (2000) (setting forth relevant standard).[2]

In sum, for the reasons above:

(1) The Findings and Recommendations are adopted in part as specified in this order.

(2) The state court's denial of relief is not entitled to deference under 28 U.S.C. § 2243(d) to the extent it was based on subclaim (C) of claim XX in the operative amended petition for a writ of habeas corpus.

(3) Claims I, V, IX and subclaims A, B, D, E, F and G of claim XX are dismissed.

---

[2] This court also is not persuaded by petitioner's arguments about the effects of the Supreme Court's decision in *Loper Bright Enterprises v. Raimondo* and declines to issue a certificate of appealability related to arguments based on that case.  *See* Pet. Obj. at 4–17 (discussing 603 U.S. 369 (2024)).  "If a precedent of [the Supreme Court] has direct application in a case . . . a lower court should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions.  This is true even if the lower court thinks the precedent is in tension with some other line of decisions." *Mallory v. Norfolk S. Ry. Co.*, 600 U.S. 122, 136 (2023) (citations and quotation marks omitted)).

5

(4) Petitioner is entitled to a certificate of appealability on the claims listed in paragraph 3 above.

(5) The parties are directed to meet and confer and file, within thirty days, a joint status report proposing a schedule for the further resolution of this matter.

(6) The matter is referred back to the assigned Magistrate Judge for further proceedings.

IT IS SO ORDERED.

DATED: December 29, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE